KLEES, Judge.
This case comes to us on remand from the supreme court. 575 So.2d 1391 (La. 1991). Defendant, Sewerage and Water *768 Board (SWB), appeals the Civil Service Commission's (Commission) determination that defendant lacked the legal authority to extend plaintiffs’ work week from 35 to 40 hours and ordering defendant to pay additional compensation to plaintiffs. After reviewing the record and applicable law, we affirm.
The relevant facts are as follows: Prior to 1988, the main office for the SWB was located at City Hall. In order to be consistent with other Civil Service Employees at City Hall, the SWB employees were assigned to a 35 hour work week. SWB employees working at other locations performing the same work for the same weekly salary worked a 40 hour work week. When the SWB moved its office from City Hall, the 40 hour a week employees protested because they worked 5 hours more per week and received the same salary as the employees working a 35 hour week.
The SWB informed the Commission of their intent to assign all employees to a 40 hour work week to establish uniformity. On April 26, 1988, the SWB attended a meeting of the Commission and asked them to determine whether the action was in violation of any rules or regulations of the Commission. The Commission expressed concern over extending the work week for employees who had not received a significant pay increase for many years and suggested that it would be better to make such a change at the time of the adoption of a new pay plan. On July 21, 1988, the Commission voted to disapprove the SWB’s request. At a meeting of August 10, 1988, the SWB voted to place all of its employees on a 40-hour work week effective August 29, 1988. On September 27, 1988, plaintiffs, Civil Service Employees of the SWB, filed suit in Civil District Court in New Orleans. In a ruling dated February 24, 1989, Judge Federoff held that the court lacked subject matter jurisdiction. On August 31, 1988, the SWB decided to return plaintiffs to a 35 work week.
Plaintiffs filed an administrative appeal with the Commission on March 2, 1989, seeking compensation for the ten week period during which time they were assigned from the 35 to the 40 hour work week. The Commission rendered a decision in favor of plaintiffs.
The SWB appeals arguing that the Commission erred in holding that the SWB violated a valid rule and in ordering the SWB to pay backpay to the employees whose work schedules were temporarily reassigned.
The authority of the Civil Service Commission is set forth in Article X, § (10)(A)(1) of the Louisiana Constitution of 1974 as follows:
§ 10. Rules; Investigations; Wages and Hours
Section 10. (A) Rules. (1) Powers. Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
LSA-Const. Art. 10, § 10(C) provides:
(C) Wages and Hours. Any rule or determination affecting wages or hours shall have the effect of law and become effective only after approval by the governor or the appropriate governing authority.
The Commission is vested with the power and authority to set rules governing wages and hours of all Civil Service Employees. Such a rule or determination by the Commission affecting wages or hours has the effect of law only after approval by the New Orleans City Council. Claimants are Civil Service Employees and, as such, are governed by the rules of the Commission. *769 La.R.S. 33:4076. Therefore, in order to implement a policy concerning hours of employees, the SWB must receive the approval of the Commission. The SWB did not receive such approval. Therefore, the SWB’s action extending the work week to 40 hours was legally ineffective.
Defendant claims that they had the authority to extend the hours of the work week because such action did not violate any specific Civil Service rule or regulation. Defendant argues that absent such a rule, they are free to set the workweek for their own employees. We disagree. This power rests with the Civil Service Commission.
Accordingly, for the foregoing reasons, we affirm the ruling of the Commission ordering the SWB to provide additional compensation for the time period in which plaintiffs were temporarily reassigned to a 40-hour work week.
AFFIRMED.